UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-162-FDW

| | |
|---|---|
| MICHAEL WAYNE MABE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| KEITH WHITENER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Hearing in Regard to Closing of the Above Case, (Doc. No. 68), on Plaintiff's Emergency Motion for Temporary Restraining Order, Motion for Preliminary Injunction, (Doc. No. 69), and on Plaintiff's Motion for Reconsideration, (Doc. No. 70).

First, as to Plaintiff's Motion for Hearing and his Motion for Reconsideration, both motions are in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the

circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motions do not present evidence that was unavailable when he filed his Complaint, nor do his motions stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motions would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion for hearing and his motion for reconsideration.

Next, as to Plaintiff's "Emergency Motion for Temporary Restraining Order, Motion for Preliminary Injunction," Plaintiff's motion will be denied as moot because this action was dismissed by Order of this Court dated February 10, 2015. See (Doc. Nos. 65; 66).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Hearing in Regard to Closing of the Above Case, (Doc. No. 68), Plaintiff's Emergency Motion for Temporary Restraining Order, Motion for Preliminary Injunction, (Doc. No. 69), and Plaintiff's Motion for Reconsideration, (Doc. No. 70), are **DENIED**.

Signed: March 10, 2015

Frank D. Whitney
Chief United States District Judge